

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-18-2007

# Woodfolk v. Dodrill

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4803

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Woodfolk v. Dodrill" (2007). *2007 Decisions.* Paper 923.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/923

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-225                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4803
_____

COREY LORENZO WOODFOLK,
                                                            Appellant,

v.

DODRILL, Warden, USP Lewisburg; MARTIN CARLSON
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 02-cv-00093)
District Judge: Honorable Yvette Kane
_____

Submitted On A Motion For Summary Affirmance Pursuant
to Third Circuit LAR 27.4 and I.O.P. 10.6 and/or For Possible
Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
May 10, 2007

Before:  RENDELL, SMITH AND JORDAN, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed: June 18, 2007)
_____

OPINION
_____

PER CURIAM

        Appellant Corey Lorenzo Woodfolk, a federal prisoner incarcerated at the United

States Penitentiary in Lewisburg, Pennsylvania, entered a plea of guilty in 1994 in the

United States District Court for the District of Maryland to conspiracy to distribute and possess with intent to distribute heroin. He was sentenced to a term of imprisonment of 50 years. The United States Court of Appeals for the Fourth Circuit affirmed. United States v. Williams, No. 94-5508, 87 F.3d 1310 (4th Cir. June 17, 1996) (Table). Woodfolk filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 at D.C. Civ. No. 97-cv-03737, which the sentencing court denied. The Fourth Circuit dismissed the appeal but remanded for correction of a clerical error in the judgment. United States v. Woodfolk, No. 99-6183, 191 F.3d 449 (4th Cir. Sept. 21, 1999) (Table). Following that, Woodfolk tried numerous times to attack his conviction and sentence in the federal district court in Maryland. He also sought, unsuccessfully, authorization from the Fourth Circuit to file a second or successive section 2255 motion.

On May 17, 2001, Woodfolk filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania, claiming that he lacked an adequate and effective remedy under section 2255 to raise the following claims: a violation of the Fifth and Sixth Amendments in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), where the government failed to include the penalty provisions of 21 U.S.C. § 841(b)(1)(A) or the elements that constitute the conspiracy in the indictment; and a violation of the Fifth and Sixth Amendments where the government failed to promulgate implementing regulations for 21 U.S.C. § 846 pursuant to the Administrative Procedures Act.

2

The District Court dismissed Woodfolk's habeas petition, concluding that section 2255 is not "inadequate or ineffective" to test the legality of his detention, and thus he cannot pursue his claims outside the context of a section 2255 motion filed in the sentencing court. We affirmed on November 13, 2003 in Woodfolk v. Romine, C.A. No. 01-2568, holding that section 2255 is not inadequate or ineffective to raise an Apprendi claim merely because the prisoner failed to meet the stringent gatekeeping requirements for filing a second or successive section 2255 motion. Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002).

Meanwhile, on January 22, 2002, Woodfolk filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, also in United States District Court for the Middle District of Pennsylvania. He claimed that his sentence was increased beyond the statutory maximum in the absence of jury findings to support the enhancement, Apprendi v. New Jersey, 530 U.S. 466, and that counsel was ineffective in this regard. The District Court dismissed the petition in an order entered on May 31, 2002. Woodfolk appeals. The government has moved for summary affirmance.

We will grant the motion for summary affirmance and summarily affirm the order of the District Court dismissing the habeas corpus petition, because it clearly appears that no substantial question is presented by this appeal. See Third Circuit LAR 27.4 and I.O.P. 10.6. As we previously explained, a motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the exclusive means for a federal prisoner to challenge the validity of his

3

conviction or sentence, unless such a motion would be inadequate or ineffective to test the legality of the detention. Okereke, 307 F.3d at 120. Section 2255 is not inadequate or ineffective merely because a prior motion has been unsuccessful or a petitioner is unable to meet the stringent gatekeeping requirements for filing a second or successive section 2255 motion. Id. at 120-21; Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538-39 (3d Cir. 2002). There is a safety valve provided under 28 U.S.C. § 2255, but it is narrow, In re: Dorsainvil, 119 F.3d 245 (3d Cir. 1997), and it does not extend to Apprendi claims. Okereke, 307 F.3d at 120-21. As such, the District Court was without jurisdiction to entertain this federal habeas petition.

We will grant the motion for summary affirmance and summarily affirm the order of the District Court dismissing the federal habeas petition.